UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor B. Perkins, | Case No. 21-cv-1219 (JRT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mr. Donald J. Trump, Sr., Fmr. President; Mr. Barack Obama, Fmr. U.S. President; Mr. George W. Bush, Fmr. President; Mr. William J. Clinton, Fmr. President; William Barr, Fmr. U.S.A.G.; Jeff Sessions, Fmr. U.S.A.G.; Loretta Lynch, Fmr. U.S.A.G.; Eric H. Holder, Fmr. U.S.A.G.; and John Ashcroft, Fmr. U.S.AG., | |
| Respondents. | |

Petitioner Victor B. Perkins, a federal civil detainee, seeks habeas corpus relief from this District pursuant to 28 U.S.C. § 2241.  *See* Petition [ECF No. 1].  The petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  After review, this Court concludes that the claims raised by Perkins — insofar as this Court understands them — are generally not cognizable on habeas review, and any claims that are cognizable on habeas review are not adequately pleaded.  Accordingly, it will be recommended that this matter be dismissed without

---

[1] Although Perkins's habeas petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to his petition.  *See* Rule 1(b).

1

prejudice and that Perkins's application to proceed *in forma pauperis* [ECF No. 2] be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

The bulk of Perkins's habeas petition concern the conditions of his ongoing civil confinement at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). Among other allegations raised by Perkins in his pleading is that officials and medical staff at FMC-Rochester have been deliberately indifferent to his medical needs and that he has been forced to take psychotropic drugs against his will and without adequate due process protections. *See generally* Petition [ECF No. 1]. But habeas corpus is reserved for challenges to the *fact* or *duration* of a detainee's confinement, not the conditions of that confinement. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). Perkins cannot use this habeas corpus proceeding to allege that conditions at FMC-Rochester are inadequate. Instead, Perkins must present claims that his detention in and of itself is unlawful.

Only briefly does Perkins allege in his petition that he should not be detained at all, *see* Petition at 3 ("[T]he defendant(s) wrongfully committed him and also wrongfully imprisoned him under the pretenses that he was suffering from a mental disease and defect . . . ." (emphases removed)), and these allegations are entirely conclusory. Civil detainees such as Perkins are not precluded from seeking habeas corpus relief from their detention. 18 U.S.C. § 4247(g) ("Nothing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention."). Still, though, Perkins offers no plausible allegations that, if proved true, would demonstrate that the process by which he came to be detained was

2

unlawful or deficient in any way.² This Court simply cannot discern from the petition any plausible basis upon which Perkins may challenge the legality of his confinement.

Finally, this Court recognizes that it will often be appropriate to reconstrue a pleading into the proper procedural vehicle in order for that claim to go forward. *See Spencer*, 774 F.3d at 471. As this Court explained above, most of the petition concerns the conditions of Perkins's confinement rather than the fact of his confinement; those claims are more properly brought in a traditional civil action rather than a petition for a writ of habeas corpus. That said, this Court does *not* recommend construing the petition as a civil complaint and permitting this matter to go forward on that basis, as none of the respondents named to this action are plausibly alleged to have been personally responsible for the conditions at FMC-Rochester for which Perkins seeks recovery. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (defendants are liable under *Bivens* only for personal acts). Because no viable claim for relief has been pleaded against any of the opposing parties (whether characterized as habeas or traditional civil claims), it is instead recommended that this matter be dismissed without prejudice. Perkins may renew his claims for relief against the appropriate defendants in a more appropriate pleading.

---

² In fact, Perkins has repeatedly challenged the validity of his detention both in this District and elsewhere, and those challenges have repeatedly been rejected. *See United States v. Perkins*, No. 17-6836, 699 F. App'x 245 (4th Cir. 2017) (per curiam); *Perkins v. Holder*, No. 13-2874 (PAM/FLN), 2014 WL 755378, at *1 (D. Minn. Feb. 26, 2014). To the extent that Perkins believes that his detention has since *become* unlawful because he is no longer a threat to the public, that claim must be presented through counsel pursuant to 18 U.S.C. § 4247(h) in the District that ordered detention. *See Archuleta v. Hedrick*, 365 F.3d 644, 648-49 (8th Cir. 2004).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2. The application to proceed *in forma pauperis* of petitioner Victor B. Perkins [ECF No. 2] be **DENIED**.


Date: June   3   , 2021                     *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota

                                            *Perkins v. Trump et al.*
                                            Case No. 21-cv-1219 (JRT/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).