UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR B. PERKINS,<br><br>Petitioner,<br><br>v.<br><br>DONALD J. TRUMP., SR., *Former President*; BARACK OBAMA, *Former President*; GEORGE W. BUSH, *Former President*; WILLIAM J. CLINTON, *Former President*; WILLIAM BARR, *Former U.S. Attorney General*; JEFF SESSIONS, *Former U.S. Attorney General*; LORETTA LYNCH, *Former U.S. Attorney General*; ERIC H. HOLDER, *Former U.S. Attorney General*; and JOHN ASHCROFT, *Former U.S. Attorney General*,<br><br>Respondents. | Civil No. 21-1219 (JRT/TNL)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Victor B. Perkins, Reg. No. 08783-039, FMC-Rochester, 1-1, PMB 4000, Rochester, MN 55903, *pro se*.

Victor B. Perkins, who is involuntarily civilly committed at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), has filed a petition for a writ of habeas corpus, challenging his involuntary medication with psychotropic drugs and alleging indifference to his healthcare needs by staff at the FMC-Rochester facility. The Magistrate Judge recommended dismissing Perkins's petition without prejudice and Perkins filed objections. Because the Court finds that habeas relief is not the proper

remedy and that Perkins has not alleged viable constitutional claims against Defendants, the Court will overrule Perkins's objections, adopt the R&R, deny Perkins's habeas petition, and dismiss this action without prejudice.

## BACKGROUND

Petitioner Victor B. Perkins is civilly committed at FMC-Rochester as a person who suffers from a mental disease or defect that, if he were released, would create a substantial risk of bodily injury or serious damage to the property of another. 18 U.S.C. § 4246. On May 13, 2021, Perkins filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Petition, May 13, 2021, Docket No. 1.) Perkins's petition also alleges civil rights violations pursuant to 42 U.S.C. §§ 1983 and 1985. (*Id.* at 7.)

Perkins alleges that while in custody at FMC-Rochester he has been forcibly medicated with psychotropic drugs and facility staff have demonstrated deliberate indifference to his medical needs. (*Id.* at 3.) Perkins claims that he has suffered severe side effects as a result of the psychotropic medications, including hypertension, Hepatitis B, Hepatitis C, and two massive heart attacks. (*Id.* at 5.) Perkins also asserts that he has been targeted by Defendants—all former United States Presidents or Attorneys General—who he alleges are conspiring to murder him because of his religious beliefs and political aspirations. (*Id.* at 6.)

On June 6, 2021, United States Magistrate Judge Tony N. Leung issued a Report and Recommendation ("R&R"), concluding that the petition seeks relief related to the

conditions of Perkins's confinement and the petition is therefore not a proper habeas action. (R&R at 2–3, June 6, 2021, Docket No. 3.) Further, the Magistrate Judge determined that any civil rights claims Perkins asserts are not viable because he has failed to name proper respondents. (*Id.*) The Magistrate Judge therefore recommended that the Court dismiss Perkins's petition without prejudice. (*Id.* at 4.) Perkins then filed objections to the R&R. (Pet.'s Obj., June 16, 2021, Docket No. 4.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). The Court liberally construes a document filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.   ANALYSIS

Perkins objects to the R&R on the grounds that the Magistrate Judge did not adequately consider Perkins's wrongful imprisonment allegations and asserts that, contrary to the R&R's conclusion, § 2241 is a petition "emphasized" as a remedy for conditions of confinement and not the duration of confinement.[1] (Pet.'s Obj. at 3.)

### A.   Section 2241

A petitioner may bring a habeas petition only to challenge "the validity of his conviction or the length of his detention" and may not seek habeas relief related to the conditions of his confinement. *Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014) (quotation omitted). Although the gravamen of Perkins's petition focuses on his medical treatment while in custody, which is addressed below, Perkins cursorily asserts that he was wrongfully committed and detained pursuant to 18 U.S.C. §4246. Perkins's petition does not identify any particular constitutional defect in his incarceration, nor does it make specific allegations that the multiple courts that have authorized his detention committed any legal errors.[2] Although Perkins states that he has been detained for over 29 years

---

[1] Perkins also asserts that the Magistrate Judge incorrectly applied the standards of 28 U.S.C. § 2254 in assessing his petition, rather than § 2241. However, the Magistrate Judge only noted that the Rules Governing Section 2254 also applied to § 2241 petitions. *See* Rules Governing Section 2254 Cases and Section 2255 Proceedings at 1, 3, https://www.uscourts.gov/sites/default/files/rules_governing_section_2254_and_2255_cases_in_the_u.s._district_courts_-_dec_1_2019.pdf (last accessed Aug. 9, 2021). The R&R substantively analyzed Perkins's petition under § 2241.

[2] In his Objections, Perkins argues that he received ineffective assistance of counsel during commitment hearings based on his counsel's alleged failure to introduce independent examiners'

since his original criminal sentence was completed, he does not allege any specific facts related to his commitment proceedings or subsequent evaluations. Neither does he assert that he is entitled to release, only that he should not be subject to forced medication. In his request for relief, Perkins asks that the Court grant his habeas petition and review all of the civil and criminal claims that he has previously filed in several jurisdictions. Because Perkins does not challenge the legal validity of his commitment or the length of his detention with specific factual allegations or claims for relief, the Court finds that a habeas petition cannot provide Perkins with the remedy he seeks. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).[3]

### B.     Civil Rights Claims

As a person detained by the United States, Perkins "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221–22 (1990). Perkins also has a constitutional interest in receiving care that is not

---

opinions and inability to secure Perkins's release from detention. (Pet.'s Obj. at 2–3.) Because these arguments were not presented in Perkins's habeas petition and therefore not considered by the Magistrate Judge, the Court will not address them here. *Munt v. Larson*, No. 15-0582, 2015 WL 5673108 at *14 (D. Minn. Sept. 23, 2015) ("New claims or arguments, presented for the first time in the objections to an R&R, will not be reviewed.")

[3] The Court notes that Perkins's petition is also deficient because it fails to name proper respondents. The proper respondent to a habeas petition is "the person who has custody over [the petitioner]" or "the person who holds [the detainee] in what is alleged to be unlawful custody." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (quotations and citations omitted).

deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). Because Perkins's petition primarily alleges constitutional violations related to the forcible administration of psychotropic medications and purported willful indifference to his health, the Court could construe his claims as a civil rights action. *See Papantony v. Hedrick*, 215 F.3d 863, 865 (8th Cir. 2000); *cf. Spencer*, 774 F.3d at 471 (recognizing that it may be appropriate for a court to construe a pro se claim "into the correct procedural vehicle[,]" but cautioning that petitioner should be consulted before habeas claims are converted sua sponte.)

Section 1983 authorizes constitutional claims against state officials; similar claims may be brought against federal officials in the absence of a statutory cause of action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, a plaintiff asserting a violation of his civil rights under § 1983 or through a *Bivens* action must adequately plead that each Government-official defendant took individual actions to deprive the plaintiff of a constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Here, Perkins has pleaded no facts to suggest even a plausible inference that the former United States Presidents and Attorneys General named as Defendants in this action were involved in any way in decisions regarding Perkins's healthcare and medication at FMC-Rochester. Because Perkins has not adequately pleaded that

Defendants are "liable for the misconduct alleged," *id.* at 663, the Court finds that Perkins's claims are not viable, even if construed as a civil rights action.

### III. CERTIFICATE OF APPEALBILITY

A court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be "debatable among reasonable jurists," a court must be able to "resolve the issues differently," or the case must "deserve further proceedings." *See Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised by Perkins's petition differently. The Court therefore concludes that Perkins has failed to make the required substantial showing of the denial of a constitutional right and will not issue a certificate of appealability.

The Court will dismiss the petition without prejudice which means that Perkins may refile the case, but it must be properly pleaded against proper defendants in order to state a claim for relief.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections to the R&R [Docket No. 4] are **OVERRULED**;

-7-

2. The R&R [Docket No. 3] is **ADOPTED**;

3. Perkins's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**;

4. Perkins's Application to Proceed *In Forma Pauperis* [Docket No. 2] is **DENIED as moot**;

5. This action is **DISMISSED without prejudice**; and

6. The Court does **NOT** certify for appeal the issues raised in this Petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 20, 2021            _____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                                 Chief Judge
                                              United States District Court